UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| UDEME EDOHO-EKET, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 3:17-0893 |
| v. ) | Judge Trauger/Brown |
| ) | |
| WAYFAIR.COM; WAYFAIR, LLC, ) | |
| ) | |
| Defendants ) | |

**TO:  THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that the Defendants' motion to dismiss (Docket Entry 6) be granted and this case be dismissed with prejudice and that any appeal from the dismissal not be certified as taken in good faith.

### BACKGROUND

The Plaintiff filed a complaint against Wayfair, LLC and Wayfair.com on May 26, 2017 (Docket Entry 1) along with an application to proceed *in forma pauperis* (Docket Entry 2). In her application to proceed *in forma pauperis* the Plaintiff states that she has 19 years of education and is a former graduate student (Docket Entry 2, par. 12 & 13).

The complaint itself alleges that she has been a customer of Wayfair since 2014. At times she states that she placed orders through Wayfair.com and the items she ordered were defective or broken and that she undertook efforts to complete a return or issue a refund. She alleged that she was issued a refund for the items in

question on January 10, 13, and 20, 2017, for the totals of the products included in the order (par. 2-a). She further alleges in paragraph 2-b that Wayfair.com notified her that she would be unable to initiate new orders on any of their sites or any company named as their partner. She further alleged that she attempted to place orders on May 23 and 24, 2017, for terra cotta planters offered by Brinkley. These orders were canceled by the Defendant.

In paragraph 2-c she states that she believes these are willful federal violations, including discrimination that Wayfair.com refuses to allow Plaintiff to exercise her right as a United States citizen to shop anywhere at Plaintiff's discretion. She alleges that somehow the Defendant is blocking her from initiating new orders with any retailer.

In paragraph 2-d the Plaintiff alleges

i. Violation of BRIA 23 1 Free Market and Antitrust Law wherein Plaintiff is being scapegoated to garner the increased productivity on complaints by parties willing to become galvanized to financially back one party or another where there are complaints.

ii. Violation of FTC regulations to cease spam activities upon Defendant's discriminatory business determination.

iii. Violation of federal Trade Commission Act, wherein e-commerce sites are beholden to advertise their services online with the assumption of fairness, equality, and lack of deception, Re: FTC Act, Section 5.

iv. Discrimination.

The Plaintiff seeks damages totaling $1.5 billion.

2

On an initial review (Docket Entry 3) the Court determined that construing the *pro se* complaint liberally it could be construed that the Plaintiff was alleging a violation of 42 U.S.C. § 1981 based on discrimination. For the purpose of the initial review the Court inferred that the Plaintiff believed the Defendants' discrimination was based on the Plaintiff's ethnicity, race, national origin or descent as known by or as perceived by the Defendants from the Plaintiff's name.

The order referred the matter to the undersigned for case management and a report and recommendation on any dispositive matter. The order concluded that despite the issue of process the Magistrate Judge could recommend the dismissal of any claim for reasons set forth in 28 U.S.C. § 1915(e)(2).

Service of process was issued to the Defendants and after service they filed a motion to dismiss for failure to state a claim (Docket Entry 6) supported by a memorandum of law and an exhibit setting forth a reference to BRIA 23 1 on September 5, 2017.[1]

The Plaintiff filed a response in opposition to the motion to dismiss (Docket Entry 10) on September 18, 2017. The Defendants were allowed seven days to file a reply (Docket Entry 13). The Plaintiff was notified in the absence of any motion to amend her complaint the undersigned would prepare a report and

---

[1] The Plaintiff filed a motion for default (Docket Entry 5) which was denied by the Clerk inasmuch as the Defendants had filed a motion to dismiss in lieu of an answer (Docket Entry 9).

3

recommendation on the pending motion to dismiss once a reply was filed (Docket Entry 13). A reply was filed on September 29, 2017, (Docket Entry 14), and the Plaintiff has made no effort to amend her complaint as allowed by Federal Rule of Civil Procedure 15.

## LEGAL DISCUSSION

### Standard of Review

The Defendants have correctly stated the standard of review. The Federal Rules of Civil Procedure require Plaintiff to provide a short and plain statement of the claims showing that the pleader is entitled to relief, Fed. R. Civ. P. 8, and the complaint must contain enough factual allegations to show a plausible right for relief. *Bell Atlantic Corp. v. Twomby,* 550 U.S. 544, 555-62 (2007).

Although the complaint must be viewed in the light most favorable to the Plaintiff and all factual allegations taken as true, in response to a motion to dismiss the complaint must present facts that, if acceptable as true, efficiently state a claim for relief that is plausible on its face. *Coley v. Lucas County, Ohio*, 799 F.3d 530, 537 (6th Cir. 2015).

The plaintiff may not simply allege that a defendant did her wrong. The plaintiff must allege sufficient facts to allow the Court to draw a reasonable inference that the defendant is liable for the alleged misconduct. If "the well-pleaded facts do not permit the Court to infer more than the mere possibility of

4

misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 665, 679 (2009) (citation omitted).

In considering the motion to dismiss the Magistrate Judge has only considered documents included or referred to in the Plaintiff's pleadings and cited cases.

### VIOLATION OF BRIA 23 1

As noted by the Defendants, this is not a law enacted by Congress which provides any statutory grounds for relief. There is simply no legal basis for a claim that the Defendants have violated a publication by a private group.

### PLAINTIFF'S CLAIM FOR VIOLATION OF FTC REGULATIONS CONCERNING SPAM ACTIVITIES

The Plaintiff does not offer a specific citation to the regulations that she bases her complaint on and does not indicate in any way how the Defendants' activities constitute SPAM. The Defendants suggest that the Plaintiff may be accusing the Defendants of violating 15 U.S.C. § 7701. However, absent some indication of what regulation Plaintiff is complaining about, it is impossible for the Court to conclude that the Plaintiff has alleged a factual basis for any violation of an FTC regulation.

If it is the "CAN-SPAM" act, the Defendants are correct that the act does not provide a private right of action. *Hafke v.*

5

*Rossdale Group LLC*, 2011 WL 4758768 at *4-5 (W.D. Mich. Oct. 7, 2011).

## PLAINTIFF'S CLAIM UNDER SECTION 5 OF THE FEDERAL TRADE COMMISSION ACT

The Plaintiff alleges a violation of the Federal Trade Commission Act (FTCA), Section 5, by alleging that "eCommerce sites are beholden (required) to advertise their services online, with the assumption of fairness, equality, and lack of deception."

Once again, the Defendants correctly point out that the FTCA does not provide a private right of action. The right to bring a civil action rests with the Federal Trade Commission only. *See Doe v. Maximus, et al.*, 2010 WL 4789963 *5 (M.D. Tenn. Nov. 15, 2010).

In the *Doe* case Judge Haynes gives a thorough review of the standard of review for evaluating motions to dismiss.

In her response (Docket Entry 10) the Plaintiff does not address Section 5 of the FTCA at all.

## DISCRIMINATION

The next allegation by the Plaintiff is that of discrimination. Once again, the Plaintiff does not provide a specific citation for the statutes. However, in the Court's initial review, given the most liberal possible interpretation, this is construed to be an attempt to allege a violation of 42 U.S.C. § 1981.

6

To constitute a violation the Plaintiff must at least allege and give some factual basis to establish that (1) the Plaintiff was a member of a protective class; (2) the Plaintiff sought to make or enforce a contract for services ordinarily provided by the Defendants; and (3) Plaintiff was denied a right to enter into or enjoy the benefits of privilege of the contractual relationship in that (a) Plaintiff was deprived of services while similarly situated persons outside the protective class were not; and/or (b) Plaintiff received services in a marked hostile manner and in a manner which a reasonable person would find objectively discriminatory. *Christian v. WalMart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001).

The Plaintiff has made no effort to amend her complaint to allege any specifics to flesh out the word discrimination. In particular, as the Defendants note, the Plaintiff has failed to allege in what protective class she falls.

While the Court applied a very liberal interpretation of the claim on initial review, now that the Defendants have specifically raised the issue that this claim fails to provide a proper factual basis, the Plaintiff is under some duty to come forward with factual allegations to support a claim of discrimination based on membership in some protective class. Simply being a consumer does not constitute a protective class. The Plaintiff has made no allegation as to her race, particularly in

7

view of a motion to dismiss. The Plaintiff cannot rely on her name alone to constitute evidence that she has been discriminated against because of race.

Even if the Court were to construe the name alone to state a race claim the Plaintiff has made no allegations whatsoever that similarly situated individuals outside of her protective class did not have their orders barred by Wayfair.

There is no general constitutional right that requires a company to do business with anyone as long as they do not do so in violation of a specific statutory limitations imposed by Congress. A company that has experienced problems with a customer over orders may well make a rational decision that it is in their best interest simply not to do business with the customer again. The right not to do business has been limited by acts of Congress to specifically prohibit a company from taking such action based on race or other specific factors enumerated by Congress.

The Plaintiff in this case has simply not come forward with any allegations or evidence in her complaint that other individuals outside whatever protective class she attempted to place herself in were treated differently.

The Magistrate Judge has considered the Plaintiff's response to the Defendants' motion to dismiss (Docket Entry 10) and finds it unpersuasive. As an initial matter, as the Defendants point out in their reply (Docket Entry 14), the motion to dismiss

8

was timely filed and even if it were not timely filed under the original referral, the Magistrate Judge could consider whether the complaint stated a cause of action regardless of the initial determination (Docket Entry 3).

The Plaintiff then goes on to make general arguments that her complaint is sufficient. However, she fails to provide references in her complaint to the necessary factual basis to support her legal conclusions.

The Magistrate Judge has considered this matter applying the requirements imposed by Federal Rule of Civil Procedure 8, which are that the complaint be a short and plain statement of the grounds of the Court's jurisdiction, a short and plain statement of the claims showing that the pleader is entitled to relief, and a demand for the relief sought. Unfortunately, the Magistrate Judge can only conclude that the Plaintiff has failed to provide a plain statement of the claims showing that she is entitled to relief as required by *Iqbal* and *Twombly*.

For some reason, the Plaintiff addresses the sufficiency of her claim under Federal Rule of Civil Procedure 9(b). The Defendants did not move for dismissal under 9(b) and 9(b) was not considered by the Magistrate Judge in reaching this report and recommendation.

As the Defendants note in their reply the Plaintiff has copied a good bit from a pleading from the District of Arizona.

9

There is nothing inherently wrong with a party quoting extensively from another pleading. However, as the Defendants point out in their reply, the problem with the Plaintiff's response is that she does not address the key issue of whether she has supplied a sufficient factual basis to support her claims. Failure to respond to an argument may constitute a waiver of opposition to the relief sought. *Hatmaker v. Consolidated Nuclear Security, LLC*, 2016 WL at *8 8711457 (E.D. Tenn., May 9, 2016).

Federal Rule of Civil Procedure 15(a)(1)(B) allowed the Plaintiff 21 days to move without Court permission to amend her complaint after the filing of the motion to dismiss. The Plaintiff was notified by the Magistrate Judge that in the absence of any motion to amend the complaint a report and recommendation would be submitted once a reply was filed. The Plaintiff made no effort to amend her complaint.

**RECOMMENDATION**

After a careful review of the complaint and the pleadings in this matter the Magistrate Judge recommends that the motion to dismiss be granted and this case dismissed with prejudice. The Magistrate Judge further recommends that any appeal from such a dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this

10

Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

      **ENTER** this 23rd day of October, 2017.

                                    /s/   Joe B. Brown
                                    JOE B. BROWN
                                    United States Magistrate Judge